[612 NYS2d 561]

FALBROS REALTY, INC., et al., Appellants, v FELICE L. MICHETTI, as Commissioner of the Department of Housing Preservation and Development, et al., Respondents.

First Department, May 24, 1994

## APPEARANCES OF COUNSEL

*Shira A. Scheindlin* of counsel *(Herbert Rubin* and *Jeannine LaPlace* with her on the brief; *Herzfeld & Rubin, P. C.,* attorneys), for appellants.

*Ronald Sternberg* of counsel *(Ellen B. Fishman* and *Leonard Koerner* with him on the brief; *Paul A. Crotty, Corporation Counsel* of New York City, attorney), for respondents.

## OPINION OF THE COURT

KUPFERMAN, J.

On June 15, 1990, the City Department of Housing Preservation and Development (HPD), pursuant to section 197-c of the New York City Charter, submitted to the City Planning Commission Uniform Land Use Review Procedure (ULURP) applications seeking approvals regarding the development of the Culver El I, Site 5 project, including the disposition of an 18,500-square-foot parcel of City-owned land and a special permit to develop housing on the site, a former railroad right-of-way located on the south side of 37th Street between 15th Avenue and Dahill Road in Borough Park, Brooklyn.

As originally proposed, the plan provided for the construction of seven three-story buildings under the auspices of the New York City Housing Partnership with each building containing three 3/4 bedroom condominium units. The construction cost of each unit was projected to be $110,000 and they were targeted for middle-income families earning from $32,000 to $53,000 annually.

In its applications HPD proceeded under the Urban Development Action Area Act (General Municipal Law art 16 [§ 690 *et seq.]*). Application C900907ZSK sought a special zoning permit for development of the site and application C900906HDK sought designation of the property as an Urban Development Action Area (UDAA) and approval of the apartments as an Urban Development Action Area Project (UDAAP) as well as ULURP approval of the disposition of the

City-owned property to a developer who would construct the apartments.

After prior approvals by the local community board and the Borough President and after a public hearing, the City Planning Commission, on July 27, 1992, separately approved the applications and forwarded such approvals to the City Council the next day. In its approval of the application for a special permit (C900907ZSK) the Planning Commission noted that the proposed units "will provide a much needed housing resource for moderate income families and contribute to the stability of the surrounding area." With regard to its approval of application C900906HDK, it stated that approval of three separate matters was required:

"1. The designation as an Urban Development Action Area of property located on part of the block bounded by 37th Street, Dahill Road, 38th Street and 15th Avenue (Block 5367, Lot 8), known as Culver El Site 5;

"2. Approval of an Urban Development Action Area Project for such property; and

"3. Disposition of such property to a developer to be selected by the Department of Housing Preservation and Development (HPD)."

Thereafter, by letter dated August 17, 1992, HPD advised the City Council that at the time the applications were submitted the UDAAP area designation and project approval were deemed necessary to enable the City to utilize General Municipal Law authority for certain actions required for the development of the project; however, it subsequently decided that authority pursuant to articles XI (Housing Development Fund Companies Law) and XII (New York City Housing Development Corporation Act) of the Private Housing Finance Law would be more appropriate and requested that the City Council approve the disposition ULURP (item 3 above), but not the UDAAP area designation or UDAAP project approval (items 1 and 2 above).

On August 26, 1992, the City Council passed Resolution No. 847 approving the City Planning Commission's decision on the now-revised ULURP application C900906HDK. Thereafter, on February 22, 1993, the City Council passed Resolution No. 1208 approving, pursuant to Private Housing Finance Law § 576-a (2), the sale of the site to a duly organized housing development fund company.

This is a CPLR article 78 proceeding brought by the lessee

of the City-owned site and a related adjacent landowner to set aside the City Council's resolutions on the ground, *inter alia,* that the August 17, 1992 letter, whether deemed a substantial modification or a complete withdrawal of HPD's ULURP application, required subsequent approval by the City Planning Commission. In dismissing the petition, the IAS Court found that the change in statutory authority did not alter the nature of the project that had already been reviewed by the City Planning Commission and the City Council's adoption of Resolution No. 847 did not require a referral back to the Commission pursuant to section 197-d (d) of the New York City Charter. We disagree.

Section 197-d (d) provides: "d. The council shall not approve with modifications a commission decision if the commission has determined pursuant to this subdivision that additional review of the modifications is required. *Prior to approving a decision of the commission with modifications, the council shall file the text of any such proposed modifications with the commission. Within fifteen days of such filing, the commission shall file with the council a written statement indicating whether such proposed modifications are of such significance that additional review of environmental issues or additional review pursuant to section one hundred ninety-seven-c is required.* If no additional review is required, the commission may include in such statement its advisory recommendation concerning the proposed modifications, together with any proposed amendments to the proposed modifications. The council may thereafter approve such proposed modifications, with or without the amendments proposed by the commission. The time period for council action shall be tolled during such fifteen-day period; provided, however, that proposed modifications may be referred to the commission pursuant to this subdivision only once with respect to each application or group of related applications under review by the council." (Emphasis added.)

The issue for the courts to determine is not whether the change in statutory authority, from one intended to utilize and develop municipally owned land and buildings for the purpose of overcoming urban blight (Urban Development Action Area Act, *op. cit.)* to one intended to develop low-income housing (Private Housing Finance Law arts XI, XII), altered the nature of the project, that clearly is a matter to be determined by the Planning Commission, but whether such

change constitutes a modification of the Commission's decisions of July 27, 1992, approving the applications.

The cases cited by the City can be distinguished on various grounds and its reliance upon *Starburst Realty Corp. v City of New York* (125 AD2d 148, 157, *lv denied* 70 NY2d 605) for the premise that the key issue is "whether the modifications adopted can be deemed to have land use implications", helps rather than hurts petitioners' case inasmuch as the Court of Appeals noted, in *Margulis v Lindsay* (31 NY2d 167, 173), "[a] possible essential issue [requiring resubmission to the Board of Estimate which exercised the same functions as the City Council now does] might [be] the number and quality of the tenant population planned for the project".

Clearly, the change in the proposed project from a moderate-income project, pursuant to the Urban Development Action Area Act, to a low-income project, pursuant to the Private Housing Finance Law, which quite possibly would command greater or different public services, arguably could meet such criteria. Again however, that is a determination to be made by the Planning Commission.

A plain reading of the section reveals that it does not differentiate between substantial or insubstantial modifications, and clearly requires that any modification in applications to the City Council be referred back to the Planning Commission for additional review, if any. Where a statute or municipal ordinance is unambiguous, it should be generally construed according to its plain terms *(see,* McKinney's Cons Laws of NY, Book 1, Statutes § 94).

HPD's applications and the Planning Commission's approvals in this case clearly were contingent upon UDAAP designations pursuant to the General Municipal Law. Whether these designations have ramifications related to HPD's companion application for disposition, so that deletion thereof may or may not be determined to have an effect, logically should require some degree of review. Section 197-d imposes that review authority on the Planning Commission which need not take long inasmuch as the section also requires it to determine whether any additional review is necessary within 15 days of the City Council's filing with it of any proposed modifications.

Finally, inasmuch as Resolution No. 847 constitutes the underpinning of Resolution No. 1208, both resolutions should be annulled and the matter remanded to the City Council for further action in accordance with this decision.

We have considered appellants' other points and find them unpersuasive.

Accordingly, the judgment, Supreme Court, New York County (Salvador Collazo, J.), entered August 19, 1993, which denied the petition and dismissed this article 78 proceeding seeking to annul Resolutions Nos. 847 and 1208 of the City Council, should be reversed, on the law, without costs, the petition granted, the resolutions annulled and the matter remanded to the City Council which is directed to file the text of applications C900907ZSK and C900906HDK with any proposed modifications with the City Planning Commission pursuant to section 197-d (d) of the New York City Charter for determination of whether such proposed modifications are of such significance that additional review of environmental issues or additional review pursuant to section 197-c of the New York City Charter is required.

ELLERIN, J. P., ROSS, NARDELLI and WILLIAMS, JJ., concur.

Judgment, Supreme Court, New York County, entered August 19, 1993, reversed, on the law, without costs, the petition granted, the resolutions annulled and the matter remanded to the City Council which is directed to file the text of applications C900907ZSK and C900906HDK with any proposed modifications with the City Planning Commission pursuant to section 197-d (d) of the New York City Charter for determination of whether such proposed modifications are of such significance that additional review of environmental issues or additional review pursuant to section 197-c of the New York City Charter is required.