■ FALBROS REALTY, INC., et al., Respondents, v FELICE L. MICHETTI, as Commissioner of the Department of Housing Preservation and Development of the City of New York, et al., Appellants. [628 NYS2d 670] —Order of the Supreme Court, New York County (Salvador Collazo, J.), entered January 5, 1995, which granted petitioners' CPLR article 78 petition to the extent of declaring the action of the City Council, on September 22, 1994, in approving the land use application of respondent Department of Housing Preservation and Development to be a nullity and which directed that the matter be remanded to the City Planning Commission for a full hearing, is reversed, on the law, and the petition dismissed, without costs or disbursements.

This CPLR article 78 proceeding was commenced by the lessee of the City-owned site and a related adjacent property owner to set aside two prior City Council resolutions. The first approved the Department of Housing Preservation and Development's (HPD) Uniform Land Use Review Procedure (ULURP) application for the Culver El I, Site 5 project, including the disposition of an 18,500-square foot parcel of City-owned land and a special permit to develop housing on the site in Borough Park, Brooklyn. The second resolution approved, pursuant to Private Housing Finance Law § 576-a (2), sale of the site to a duly organized housing development fund company.

In an earlier appeal (*Falbros Realty v Michetti*, 200 AD2d 85), this Court determined that modification of the City's development plan, after approval by the City Planning Commission, to exclude consideration of the site as an Urban Development Action Area Project and to provide for financing and/or conveyance of the property under the Private Housing Finance Law required resubmission to the Planning Commission, pursuant to section 197-d (d) of the New York City Charter, for a determination of whether such proposed modification was of such significance that additional review of environmental issues or additional review under section 197-c of the New York City Charter was required.

Upon remand, the City Planning Commission found, with respect to the project, that "[t]he withdrawal of the UDAAP applications and the substitution of a different statutory authority does not change the nature of the development or the income eligibility requirement for prospective purchasers. It is therefore within the scope of the City Planning Commission approval and does not require additional land use or environ-

mental review." This determination was forwarded to the City Council and the matter was placed on the September 22, 1994 calendar for resolution, and approved on that date.

The IAS Court, in the order appealed from, annulled the City Council's action approving the applications and directed that the matter be given a full scale administrative hearing before the Planning Commission, relying on this Court's prior decision and order. This reliance was a misinterpretation of both this Court's decision in *Falbros Realty v Michetti* (*supra*), and the applicable provision of the New York City Charter.

Our prior decision does not direct a full scale administrative hearing. Rather, it directs referral to the City Planning Commission pursuant to section 197-d (d) of the New York City Charter to determine whether any additional environmental reviews and/or hearings are required. Section 197-d (d) reads in pertinent part: "Prior to approving a decision of the commission with modifications, the council shall file the text of any such proposed modifications with the commission. Within fifteen days of such filing, the commission shall file with the council a written statement indicating whether such proposed modifications are of such significance that additional review of environmental issues or additional review pursuant to section one hundred ninety-seven-c is required. If no additional review is required, the commission may include in such statement its advisory recommendation concerning the proposed modifications, together with any proposed amendments to the proposed modifications. The council may thereafter approve such proposed modifications, with or without the amendments proposed by the commission."

In this case, in accordance with our direction, upon remand, the proposed modifications were resubmitted to the City Planning Commission for review. The Planning Commission concluded that no additional studies or hearings pursuant to section 197-c of the New York City Charter were required. Section 197-d (d) does not provide for a public hearing on notice in connection with the Commission's consideration of proposed modifications filed by the Council. Instead, as set forth above, it requires that within fifteen days of the filing of the proposed modifications with the Planning Commission, the Commission is to file with the Council a written statement as to whether the proposed modifications are of such significance as to warrant further environmental or land use review. The fact that the Commission is only given fifteen days to make its determination is not consistent with the finding of the IAS Court that "a full scale administrative examination and evaluation" is

required. Further, in dealing with ULURP, the Charter is quite specific in mandating what actions require a public hearing and when in the process such a hearing must be held. Thus, the Planning Commission is required to hold a public hearing before voting on a matter pursuant to section 197-c (h), and is required to hold a public hearing before a vote pursuant to section 197-d (c). Requirements for holding public hearings are also expressly provided for in section 195, section 197-a, and section 201 applications. Accordingly, it must be inferred that where, as in section 197-d (d), the New York City Charter is silent, no public hearing is required. Concur—Rosenberger, J. P., Wallach, Rubin and Asch, JJ.

Kupferman, J., dissents and would affirm for the reasons stated by Collazo, J.